Richard F. Kuhnen, J.
This proceeding involves three actions, all of which raise the same questions of law. Plaintiffs are similarly situated; they each receive some form of public assistance pursuant to title 11 of article 5 (§ 363 et seq.) of the *432 Social Services Law which entitles them to payment of certain medical expenses. They now seek authorization for payment for sterilization surgery. In each case the operation is sought not by reason of medical necessity but rather for birth control purposes. Petitioners contend that the law authorizes payment for such surgery when undertaken solely for family planning purposes.
Two of the actions (Matter of Ring v. Lavine; Matter of Teeple v. Lavme) are brought under article 78 of the CPLR. Petitioners in those actions gave birth to children and while hospitalized following delivery their attending physicians performed sterilization surgery at the request of petitioners. In each case there existed no medical necessity for the operation.
Petitioners’ doctors submitted bills for these operations to the Broome County Department of Social Services on behalf of Mrs. Teeple and to the Chenango County Department of Social Services on behalf of Mrs. Ring.' In both instances the payment was denied. A “ fair hearing ” was requested and held in both cases. The decision of the Commissioner of the New York State Department of Social Services affirmed the decisions of the Broome and Chenango County Commissioners. Both petitioners now seek in an article 78 proceeding to annul this determination on the grounds that it is arbitrary, capricious and contrary to law.
Plaintiffs in the action of Ferro v. Lavine have either had or seek sterilization surgery for the sole purpose of birth control. They are proceeding as a class in this action purporting to represent all other persons similarly situated who desire this type of operation at public expense. They have requested a declaratory judgment to the effect that the policy of- defendants Commissioner Lavine and the New York State Department of Social Services is contrary to law and further seek to enjoin the defendants from refusing payment for medical services under the circumstances presented here.
All plaintiffs in Ferro v. Lavine have requested authorization from their local social services departments to proceed with sterilization surgery. With the exception of plaintiff Snyder, none has requested a “ fair hearing ” on the refusal of the Social Services Department to authorize payment for the requested operation. In view of the commissioner’s decision in the “ fair hearings ” of petitioners Ring, Teeple and Snyder, the following of this procedure would be futile and defendants have agreed not to press the defense of failure to exhaust administrative remedies.
*433 In opposition to the action for declaratory judgment, defendants assert the affirmative defense of lack of jurisdiction on the part of the court to grant the requested relief as against the State. There is merit in this contention. The rule is well established that the State as sovereign is immune from suit of any kind except where it has specifically consented thereto by express constitutional or legislative enactment. (Psaty v. Duryea, 306 N. Y. 413.) There has been no showing by plaintiffs of any consent on the part of the State to be sued for a declaratory judgment. This court, therefore, has no jurisdiction of the subject matter of this action. (Niagara Falls Power Co. v. White, 292 N. Y. 472.)
The State may be a proper party to a declaratory judgment action where the State is not actually an adverse party to the litigation or where there is no attempt to establish a claim against the State or to demand any affirmative relief therefrom. (Glassman v. Glassman, 309 N. Y. 436; Town of Ohio v. State of New York, 264 App. Div. 220.) This action, however, does not fall within the narrow confines of these decisions. The State has an obvious financial interest in the case at bar which is adverse to that of plaintiffs and the purpose of this action is to obtain a declaration to the effect that all those who are similarly situated to plaintiffs may assert a claim against the State and are entitled to affirmative relief therefrom. Under such circumstances, a declaratory judgment action against the State cannot be maintained.
Although this action (Ferro v. Lavine) has been commenced in an improper form, dismissal will not be granted upon that ground. This court is empowered under CPLB 103 to treat the action as having been brought in the proper form. Plaintiffs have set forth sufficient allegations in their complaint for relief in the nature of mandamus under article 78 of the CPLB and the court will consider this action as having been so commenced. (Cohen v. Department of Social Services, 37 A D 2d 626; Board of Educ. of Cent. High School Dist. No. 2 v. Allen, 25 A D 2d 659.) As stated above, there is no necessity for seeking, a final determination by way of a “ fair hearing ’ ’ on the plaintiffs ’ request because the commissioner’s earlier determination makes it clear that the following of such procedure would be futile.
Petitioners are all eligible to receive medical assistance pursuant to title 11 of article 5 of the Social Services Law commonly referred to as Medicaid. Under this title ‘ ‘ medical assistance” is defined by section 365-a (subd. 3, par. [c]) to *434 include “family planning services and supplies for eligible persons of childbearing age ”. Section 131-e of this statute further provides that local social services commissioners shall require their staffs to advise eligible individuals of the availability of “family planning services for the prevention of pregnancy ”, and where such services are requested the section requires that they be provided “ at public expense under the appropriate provisions of this chapter.”
The term “ family planning services ” is not defined in the Social Services Law or elsewhere under New York State law. It is the contention of the petitioners that this term includes the surgery for which they now seek reimbursement and that any attempt to limit the definition of this term so as to exclude this service contravenes the intention of the Legislature. Respondents take a more restrictive view of the medical services which the Legislature intended to provide pursuant to sections 131-e and 365-a (subd. 3, par. [c]). They have interpreted these provisions as requiring local social services departments to provide payment only for nonsurgical birth control and family planning services.
Presently respondents do allow payment for sterilization operations, but unly in cases where the eligible individual meets the medical necessity test of subdivision 2 of section 365-a of the Social Services Law. This section permits reimbursement at public expense for the “ cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap ”. Petitioners concede that they are unable to comply with the medical necessity standards of this section but claim that even in the absence of a specific medical need such as would meet these requirements they are entitled under sections 131-e and 365-a (subd. 3, par. [c]) to reimbursement for surgery undertaken for the sole purpose of family planning.
The problem presented is one of statutory construction and the specific question to be answered is whether or not the Legislature in enacting sections 131-e and 365-a (subd. 3, par. [cl) intended to include sterilization surgery in the term “family planning services ’ ’. Respondents here concluded that such was not the intention of the Legislature and that determination is entitled to great weight. Where the question of specific application of a broad 'Statutory term is presented in a proceeding in which the agency administering the statute must determine it *435 initially as here, the function of a reviewing court is limited and the administrative determinination is to be accepted by the the courts if it has warrant in the record and -a reasonable basis in law. (Matter of Howard v. Wyman, 28 N Y 2d 434.)
In support of their contention, petitioners submitted 16 affidavits from prominent medical authorities in the field of gynecology, obstetrics, family planning and population research, all expressing the same opinion: sterilization surgery is now commonly recognized in medical circles as an accepted method of family planning services and in practice is included within the definition of1 that term. This evidence also indicates a change in attitude by medical authorities and by the general public on this subject during the past decade. The 1972 Report of the President’s Commission on Population and Growth in the American Future (vol. 1, pp. 511-4568) demonstrates how widely sterilization is now considered by the general population as a method of family planning.
While such evidence alone is not determinative of the issues presented here, it must be assumed that the Legislature was aware of this information, at least in a general sense, when it decided to make “ family planning services ” available to needy persons under sections 131-e and 365-a (subd. 3, par. [c]) of the Social Services Law. (Farrington v. Pinckney, 1 N Y 2d 74; Gail Turner Nurses Agency v. State of New York, 17 Misc 2d 273.) Respondents have offered no evidence that the term ‘ ‘ family planning services ’ ’ is not normally construed to include sterilization surgery. Rather, as State officers charged with administering this statute, they contend that there are reasonable grounds for limiting the services available under these sections even though the Legislature has not seen fit to do so expressly.
In defense of their position, respondents point to the cautious approach over the years by the Legislature in the matter of birth control and cite the possible social hazards that could arise from improper use of sterilization surgery. Section 13l-e was passed by the 1971 Legislature, and section 365-a (subd. 3, par. [c]) by the 1973 Legislature. In enacting these new sections of our Social Services Law the Legislature explicitly authorized birth control services for the needy at public expense. In regard to the fear of social hazards flowing from sterilization surgery, the Legislature could, if it believed a real danger exists, have prohibited or restrained such surgery by specific enactment.
Respondents also claim that section 131-e prohibits reimbursement for .such surgery unless it is medically indicated. This section states that payment for ‘ ‘ family planning services ’ ’ *436 is to be provided ‘ ‘ under the appropriate provisions of this chapter The appropriate provision in this case is subdivision 2 of section 365-a which, as set out above, allows payment for medical services only where such is necessary to alleviate acute suffering or to cure conditions which may endanger life, result in illness, interfere with normal activity or threaten significant handicaps. Respondents maintain that had the Legislature intended to provide payment for sterilization surgery the medical necessity requirement of subdivision 2 of section 365-a would not have been incorporated into section 131-e.
This argument is without merit. If the medical necessity requirement applies to section 131-e, it is applicable not only to the surgical procedures but also to all other “ family planning services ’ ’ which are presently available to eligible persons pursuant to this section. Respondents readily concede that this is not the case.
Furthermore, the more recently added subdivision 3 of section 365-a expressly provides that the medical necessity requirement does not apply to “family planning services ”.
Respondents have failed to set forth any reasonable basis for excluding this type of “ family planning services ” as a reimbursable expense under sections 131-e and 365-a. (Cf. Matter of Howard v. Wyman, 28 N Y 2d 434, supra.) In the absence of reasonable justification, this court is not at liberty to restrict the meaning of the term ‘ ‘ family planing services ” as it is used in these statutes. (See Department of Welfare of City of N. Y. v. Siebel, 6 N Y 2d 536, 543.)
Accordingly, it is decided that respondents’ refusal to pay for petitioners’ sterilization surgery is contrary to law and should be annulled.