Robert E. Fischer, J.
The petitioners in this proceeding under CPLR article 78 are the parents of five children. The basic facts are not in dispute.
Following the birth of their last child in March of 1973, petitioners were advised by their family physician that further pregnancy would result in a potentially fatal medical risk to the wife’s health. In seeking to overcome that risk the family physician concluded that the medical condition of the wife foreclosed her use of an intrauterine device, contraceptive medication, or sterilization by any surgical process such as tubal ligation. For these reasons he recommended that the husband undergo a vasectomy as a medical necessity for maintenance of the wife’s health.
Since both petitioners expressed a desire for the vasectomy and economically qualified for such assistance, they requested that the operation be authorized under title 11 of the Social Services Law entitled “ Medical Assistance for Needy Persons ” (hereinafter referred to as “ Medicaid ”). The request was denied in a letter of May 14, 1973, from Carroll A. Smythe, Commissioner of the Broome County Department of Social Services, asserting that since the husband suffered no personal medical problems requiring sterilization and the treatment was not to be afforded to the one who suffered the medical necessity, the Medicaid statutes did not authorize payment.
Admittedly, each of the petitioners was eligible to receive “ medical assistance ” pursuant to subdivision 2 of section 365-a of the Social Services Law which defined that term as “ payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap and which are furnished an eligible person in accordance with this title, and the regulations of the department.” (Emphasis supplied.) That definition, with its requirement of “ medical necessity ”, ivas enlarged by the Laws of 1973 (ch. 516, § 8) by adding paragraph (c) of subdivision 3, as follows: “ Any inconsistent provisions of this section notwithstanding, medical assistance shall include * * * family planning services and supplies for eligible persons of childbearing age ”.
When first advised of the denial of assistance, petitioners sought a hearing before the New York State Denartment of *423 Social Services, and upon affirmation of Commissioner Smythe’s denial of reliéf, brought this proceeding under CPLR article 78 to review that determination. Petitioners assert that the refusal to afford the Medicaid benefits for the husband’s vasectomy on these facts is unreasonable, arbitrary and capricious.
In support of their refusal to authorize payment, respondents roly on item 47.5 of the State Medical Handbook setting forth their “ Policy on Surgical Sterilization ” which states that such procedures are permitted only “ where there is evidence of disease in the structures involved or where, because of an existing medical condition in the patient, a pregnancy would definitely cause for the patient acute suffering, result in serious illness or infirmity, threaten some significant handicap or endanger the patient’s life.” Although such statement merely paraphrases the statutory requirement of subdivision 2 of section 365-a that a defined “ medical necessity ” for sterilization exist, respondents have extrapolated the departmental restatement to support their contention that the medical procedure can be performed only on the person who is suffering from the illness sought to be cured. They contend that the wording of subdivision 2 of section 365-a referring to “ conditions in the person ” justifies their denial of payment and provides a reasonable basis for the construction they have given this statute. In urging acceptance of such construction, respondents rely on the language of the Court of Appeals in Howard v. Wyman (28 N Y 2d 434, 438): “ It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld.”
Here, however, the construction given the statute is both irrational and unreasonable. Application of the respondents’ rationale would foreclose payment for medical procedures which involved one other than the patient who requires the medical aid, despite the immediacy of the need and the potentially fatal result of ¡a failure to follow accepted medical practice and procedures. Denial of payment because the medical procedures involved one other than the person in immediate need would foreclose an organ or tissue transplant from a healthy to a diseased person, a blood transfusion from healthy donors to those in critical need or, as in the situation presented here, it would foreclose utilization of a minor medical procedure in a husband to protect from a potentially fatal insemination of a wife.
*424 The statutory language does not foreclose payment for medical procedures required to be performed on another to protect the life of the patient for whom aid is sought under the statute. In that sense the statute is ambiguous; and where there is ¡ambiguity a reasonable construction will be adopted. (Goodman v. Del-Sa-Co Foods, 15 N Y 2d 191.)
The Legislature’s stated purpose in providing Medicaid is to make “ available to everyone, regardless of * * * economic standing, uniform, high-quality medical care ” (Social Services Law, § 363). To interpret the phrase “ cure conditions in the person that cause acute suffering ” contained in subdivision 2 of section 365-¡a as foreclosing payment for minor medical procedures on a husband to alleviate a wife’s acute medical condition is inconsistent with that declared policy and without reasonable basis in the statutory language. Here, by the uncontroverted facts, there is a crucial medical need by an otherwise qualified person and the only medical process reasonably available to cure the condition in the person the statute seeks to aid is by vasectomy of the marriage partner.
The respondents have suggested in their argument that sterilization of the husband is not the only possible treatment available for the wife’s medical condition and hypothesize the possibility of direct treatment of one of her numerous underlying medical problems. Such argument was not asserted by the respondents as their rationale on denial of medical services and ignores the undisputed medical judgment supporting the urgent recommendations. Denial of payment for an accepted surgical procedure to the husband which will amount to a treatment medically necessary for the wife’s health in continuance of the normal marital relationship is patently unreasonable ¡and contrary to the intent of the statute.
Petitioners also challenge the respondents ’ determination that they are not entitled to sterilization surgery as a family planning service provided by sections 131-e and. 365-a (subd. 3, par. [c]) of the Social Services Law without having to show medical necessity therefor. Section 131-e of this statute provides that local social service commissioners shall require their staffs to advise eligible individuals of the availability of “ family planning services for the prevention of pregnancy”; and where such services are requested the section requires that they be provided “ at public expense under the appropriate provisions of this chapter ”, Petitioners’ position in regard to these sections of the Medicaid statutes was accepted by a co-ordinate Justice of this district on-March 1, 1974 in Ferro v. Lavine (79 *425 Misc 2d 431). This court agrees with the reasoning and conclusion of the Ferro case in that the Legislature, in enacting sections 131-e and 365-a (subd. 3, par. [c]), intended to include sterilization surgery in the term “ family planning services ” as it is used in each of those sections, and did not intend to require that a medical necessity be shown to obtain those services.
For these reasons the petition should be granted.