■ In the Matter of DONNA CLARK, Petitioner, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of respondent Blum, made after a fair hearing, which denied petitioner reimbursement for necessary medical transportation expenses. The sole issue is whether petitioner, a recipient of Medicaid medical assistance, is, under the facts recited below, entitled to reimbursement for medical transportation expenses incurred from 1974 to 1976. The fair hearing record reveals that petitioner on numerous occasions requested travel expenses from the Sullivan County Department of Social Services and was repeatedly informed that she was not entitled to such payments. The agency, aware that petitioner had to travel to receive treatment, never attempted to inform petitioner as to her rights in order to alleviate her obvious confusion evidenced by requests for "travel expenses", "reimbursement" and "transportation expenses". While the agency's own confusion as to what kind of payment petitioner was seeking may account for the absence of any agency record of requests by petitioner for such expenses, it cannot excuse the failure of the agency to discharge its statutory duty of disclosure. Section 363 of the Social Services Law provides that "In carrying out this program every effort shall be made to promote maximum public awareness of the availability of, and procedure for obtaining, such assistance, and to facilitate the application for, and the provision of such medical assistance." Further, section 365-a (subd 2, par [i]) provides that someone receiving medical assistance is entitled to "transportation when essential to obtain care and services in accordance with this section, upon prior approval, except in cases of emergency." The mandate of this section is embodied in 18 NYCRR 505.10 which states that transportation and other related expenses shall be provided as necessary when authorized by the local social services official. Next, the pertinent regulations also state that aid applicants and recipients receive full and detailed information concerning available assistance (18 NYCRR 360.2 [a], 351.1 [b] [1]). Here, given petitioner's clear eligibility for assistance and, the need to travel to obtain that aid, prior authorization to incur transportation costs so as to permit budgeting by the agency before the expenses were incurred should not have been withheld. Accordingly, the agency's determination after fair

hearing denying such benefits was arbitrary, capricious and unsupported by the record *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176) and certainly not in harmony with the recent declaration by the Court of Appeals that "Any statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose" *(Matter of Sabot v Lavine,* 42 NY2d 1068, 1069). Determination annulled, with costs, and matter remitted to Sullivan County Department of Social Services for computation of entitled expenses. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.