■ In the Matter of OLD FARMERS LANE DEVELOPMENT CORPORATION, Appellant, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Estimate of the City of New York, dated October 6, 1977, which set aside the determination of the Board of Standards and Appeals granting petitioner a variance, the petitioner appeals from a judgment of the Supreme Court, Richmond County, entered April 28, 1978, which dismissed the petition. This appeal brings up for review so much of an order of the same court, dated October 17, 1978, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order granting reargument. Order affirmed insofar as reviewed, without costs or disbursements. The Board of Estimate acted properly in setting aside the determination of the Board of Standards and Appeals granting petitioner a variance, because the action of the latter was not supported by substantial evidence (see *Matter of Highpoint Enterprises v Board of Estimate of City of N. Y.,* 67 AD2d 914, affd 47 NY2d 935). Gulotta, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ In the Matter of WILLIAM NEWHOOK, Petitioner, v BARBARA BLUM, as the Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 28, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency (1) denying petitioner's application for a supplemental grant of assistance to meet the cost of transportation necessary to attend an alcoholic rehabilitation program mandated by the agency and (2) authorizing recovery of a supplemental shelter allowance. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom the provision which affirmed the denial of a supplementary grant for transportation and substituting therefor a provision reversing the denial and granting the said application. Determination otherwise confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to the State commissioner for a determination of the actual transportation expenses incurred by petitioner's commuting to and from the alcoholic rehabilitation center. In our view, the determination of the State commissioner that the statute and regulations fail to provide for reimbursement for transportation expenses incurred in attending an alcoholic rehabilitation treatment center was erroneous. Although no specific provision is made for such reimbursement, a proper reading of the statute and various regulations indicate a legislative intent to provide for such reimbursement (see Social Services Law, § 365-a; 18 NYCRR 505.10). It is reasonable to include alcoholic rehabilitation treatment within the definition of medical care, for which a transportation allowance is permitted. Therefore, we conclude that petitioner should be entitled to a transportation allowance for his expenses in getting to and from the rehabilitation center. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.