■ Kazimiera Wrzeskiewicz, Respondent, v Witold Wrzeskiewicz, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Kings County, dated January 29, 1979, as, after a nonjury trial, (1) directed the Greenpoint Savings Bank to pay plaintiff $970, plus interest, from a certain account and (2) awarded plaintiff judgment against defendant in the principal sum of $16,788. Case remitted to Special Term for further proceedings consistent herewith and appeal held in abeyance in the interim. In our view what transpired in the course of the trial clearly indicates that the defendant waived any right he may have had to a severance of the financial issues between the parties. We do not disagree with Special Term's decision to credit plaintiff's testimony. However, we are unable to determine the evidentiary basis upon which it decided to credit or debit plaintiff with certain sums, while declining to credit or debit her with certain others. Accordingly, we remit to Special Term for a report detailing the evidentiary bases for the awards it made. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.

■ In the Matter of Johnnie B. Hall, Petitioner, v New York City Transit Authority, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of respondent New York City Transit Authority, dated January 25, 1980 which dismissed petitioner from his employment for violating certain of the Transit Authority's rules and regulations. Petition granted, on the law, with costs, the determination of the respondent dated January 25, 1980 is annulled and the respondent is directed to reinstate the petitioner to his position as a road car inspector with back pay and such other emoluments to which he may be legally entitled since the effective date of his dismissal, less the amount of compensation he may have earned in any other employment or occupation and any unemployment insurance benefits he may have received during this period. Absent a showing that a less burdensome alternative, such as a breathalyzer test, was not available, no presumption of unfitness as a result of indulging in intoxicating beverages can be drawn from petitioner's refusal to submit to a blood test because the drawing of blood is against his religious beliefs (see *Schmerber v California*, 384 US 757, 765, n 9; cf. *People v Thomas*, 46 NY2d 100; *Braunfeld v Brown*, 366 US 599). *Matter of Krolick v Lowery* (32 AD2d 371, affd 26 NY2d 723, remittitur amd 26 NY2d 843, cert den 397 US 1075) is not dispositive of this matter. The petitioner submitted to and satisfactorily performed the sobriety tests administered at St. Clare's Hospital. The only direct testimony to support respondent's finding was a statement by petitioner's foreman that he could detect, from two to three feet away, the slight smell of alcohol on petitioner's breath, which could be attributed to the medication he allegedly ingested. However, in all other respects petitioner appeared normal and did not possess any other signs of intoxication. A train dispatcher testified that petitioner "appeared okay." We find that based on the entire record, there is a lack of substantial evidence to sustain respondent's determination. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.