■ VICTORY BOULEVARD ASSOCIATES, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents, and GEORGE TALASZEK, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Estimate of the City of New York, dated February 21, 1980 which, after a hearing, disapproved a variance granted to petitioner, Victory Boulevard Associates (Victory), by the Board of Standards and Appeals, Edward Destefanis, the City of New York et al., appeal from a judgment of the Supreme Court, Richmond County (Sacks, J.), dated September 23, 1980, which annulled the determination of the Board of Estimate and reinstated the determination of the Board of Standards and Appeals; petitioner purports to cross-appeal from the same judgment insofar as it failed to declare section 668 of New York City Charter unconstitutional and declare that the Board of Estimate's vote on the resolution was invalid. Judgment reversed, on the law, with costs, determination of the Board of Estimate reinstated, and proceeding dismissed on the merits. Cross appeal by petitioner dismissed, since it was not aggrieved by the judgment (CPLR 5511). Motion to dismiss the cross appeal dismissed as academic. A question was raised by Victory as to the power of the Board of Estimate to review the grant or denial of variances. This question was the subject of a city-wide referendum that was approved by the electorate at the General Election of November 4, 1975. The proposal adopted was added to the City Charter as section 668; and it provided for discretionary review by the Board of Estimate, over decisions of the Board of Standards and Appeals. We hold the Charter provision to be constitutional. On the record before us it cannot be said that the Board of Estimate acted unreasonably in setting aside the determination of the Board of Standards and Appeals on the basis that there was not substantial evidence to support each of the five findings required by section 72-21 of the New York City Zoning Resolution (*Matter of Old Farmers Lane Dev. Corp. v Board of Estimate of City of N. Y.*, 72 AD2d 567; New York City Charter, § 668, subd c; see, also, *Matter of Ammirati v Board of Estimate of City of N. Y.*, 72 AD2d 812). In light of our decision, the motion to dismiss the cross appeal is dismissed as academic. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.

■ KAZIMIERA WRZESKIEWICZ, Respondent, v WITOLD WRZESKIEWICZ, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Kings County (Slavin, J.), dated January 29, 1979, as, after a nonjury trial (1) directed the Greenpoint Savings Bank to pay plaintiff $970 plus interest from a certain account and (2) awarded plaintiff judgment against defendant in the principal sum of $16,788. By order dated February 2, 1981, this court remitted the case to Special Term for a report detailing the evidentiary bases for the awards it made; in the interim, the appeal was held in abeyance (*Wrzeskiewicz v Wrzeskiewicz*, 80 AD2d 556). Special Term has now complied. Judgment affirmed insofar as appealed from, without costs or disbursements. No opinion. Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.