RICHARD J. O'NEILL, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Fourth Department, September 23, 1983

APPEARANCES OF COUNSEL

*Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter* (*Merle Troeger* of counsel), for petitioner.

*Robert Abrams, Attorney-General* (*Dale E. Skivington* and *Alan W. Rubenstein* of counsel), for Barbara Blum, respondent.

*Daniel M. Wyner* for Rita B. Otterbein, respondent.

OPINION OF THE COURT

GREEN, J.

In this CPLR article 78 proceeding, petitioner seeks to annul a decision after an administrative fair hearing by the New York State Department of Social Services (Department) affirming the determination of the Wayne County Department of Social Services (Agency) which denied petitioner's request for transportation. We agree with petitioner that the portion of the agency's determina-

tion which denied his request for transportation to and from the facility where he receives daily therapies must be annulled.

Petitioner is 30 years old, seriously disabled by cerebral palsy and confined to a wheelchair. His condition is not considered a disease but rather a state of impaired muscle control. He is entirely dependent upon other people for his personal care. The aim of the medical treatment he receives is to allow him to attain some independence.

Dr. Frangenberg, medical director of the Rochester United Cerebral Palsy Association (UCPA), recommended that petitioner receive physical therapy to prevent fixation of his joints, occupational therapy to expose him to adaptive equipment, and speech therapy to broaden his vocabulary and mode of expression. These therapies have been provided to petitioner for over 14 years, Monday to Friday, from 9:00 A.M. to 3:00 P.M. at a UCPA facility on Karlan Drive in Irondequoit, a suburb of Rochester, New York. At 3:00 P.M. he leaves the Karlan Drive facility and attends a high school equivalency course at the Al Sigl Center in Rochester until 5:45 P.M. when his mother picks him up after work.

Petitioner lives in Ontario, Wayne County, New York. Until 1981, his mother had been transporting him in a family van, especially equipped with a wheelchair ramp. The van is no longer operable and petitioner's parents cannot afford to repair or replace it. On February 12, 1981, petitioner's mother wrote to the Agency and requested that they provide transportation to petitioner. In support of the application, petitioner submitted a complete description of his therapy programs and a letter from Dr. Frangenberg in which he concluded that "the continuation of the patient's present program activities are truly medically indicated for the prevention of otherwise unavoidable deterioration in physical and mental respect."

On October 6, 1981 petitioner received a letter from the Agency accounting supervisor denying his request for transportation on the ground that the required therapies were available in Wayne County and could be provided to petitioner in his home. The denial was also based on the fact that the education program at the Al Sigl Center did

not constitute medical assistance for which transportation could be provided.

A fair hearing was held on October 9, 1981. The only witness to testify on behalf of the Agency was a social services caseworker. She initially disputed that petitioner required the treatment he received, and submitted that even if he did, the therapies could be provided by Wayne County public health nurses in petitioner's home. She conceded that the public health agency did not provide occupational therapy but believed this could be rendered by the Newark Wayne Hospital on an out patient basis. She stated that if petitioner's transportation request was approved, the Agency would have to contract outside Wayne County with Medicab of Rochester at a cost of $81 per day.

Petitioner presented a more comprehensive case at the fair hearing and clearly satisfied his burden of proving his eligibility for Medicaid assistance (cf. *Lavine v Milne,* 424 US 577; *Matter of Cole v Blum,* 86 AD2d 749). Dr. Frangenberg testified that the therapies provided at the Karlan Drive facility could not be provided adequately in petitioner's home, primarily because a group setting was necessary to afford petitioner the opportunity for interaction and continual comparison to others similarly disabled. The doctor concluded that "there's absolutely no medical reason why Mr. O'Neill should be at home", and that he would be "at increased risk for any emotional or psychiatric disorder if he is not allowed interaction." The doctor's testimony is uncontroverted because the Agency fair hearing representative did not ask him any questions on cross-examination.

Jean Howard, the director of adult training at the Karlan Drive facility, testified that in the last four years petitioner had made substantial progress as a result of the therapies he receives. He can operate a motorized wheelchair, brush his teeth and shave and bathe himself. Although she had never visited petitioner's home, she believed that it would be difficult and impractical for a clinician to teach petitioner mobility training in an electric wheelchair in his home.

The UCPA director of clinical services testified that petitioner's speech therapy increased his sense of indepen-

dence and social interaction. She praised the Karlan Drive facility because a variety of adaptive equipment, particularly suited to petitioner's needs, was available.

Petitioner and his mother also testified. Petitioner described the therapies he receives, stated that he never requested or received them at his home and would be "very, very depressed" if he did. He further stated that group therapy lifted his spirits and helped him foster a better self image. His mother believed that he could not safely operate an electric wheelchair in their home unless the furniture was removed. She stated that her son had made substantial improvements and is now much more interesting and outgoing than he used to be.

On December 24, 1981 respondent Blum rendered a fair hearing decision which affirmed the Agency's denial of petitioner's request for transportation and concluded that: "As to the issue of transportation to the United Cerebral Palsy Center, the agency contends that such transportation services are not necessary because the needed medical services can be provided at or near the appellant's home. The record establishes that appellant requires physical and occupational therapy. Appellant also receives speech therapy. Appellant did not establish that it was necessary that these services be provided at the United Cerebral Palsy Center as opposed to being provided at his home and nearby hospitals." In this CPLR article 78 proceeding, petitioner contends that this portion of the fair hearing decision is unsupported by substantial evidence and is arbitrary and capricious. We agree.

Respondents' denial of petitioner's request for transportation to and from the Karlan Drive facility is irrational and out of harmony with the recent declaration by the Court of Appeals that "[a]ny statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose" (*Matter of Sabot v Lavine,* 42 NY2d 1068, 1069). Transportation must be provided "when essential to obtain [medical] care and services" (Social Services Law, § 365-a, subd 2, par [j]; 18 NYCRR 505.10 [b] [1]). Respondents do not contend that the therapies petitioner receives are out-

side this coverage but rather argue that these services can be provided in petitioner's home, consistent with the regulation that encourages each social services agency, in planning and administering its medical care programs, to "make full and proper use of all public and private medical and health facilities and services that are already established in the community" (18 NYCRR 501.4).

The flaw in respondents' argument is that while they have indicated that medical programs may be available in Wayne County, they have not established that these services would be appropriate for petitioner's distinct needs or that they could be provided reasonably and practically to petitioner in his home. Respondents presented no medical or clinical testimony whatsoever in this regard.* Instead they relied upon the speculative and uncorroborated assertion of a social services caseworker, with no medical training, that the Wayne County public health nursing agency could provide the specialized physical, occupational and speech therapies petitioner requires. Petitioner, however, presented several witnesses, all possessed of medical training and firsthand knowledge of petitioner's daily programs and needs, who unanimously agreed that petitioner could not receive the quality of medical care in his home that he now receives at the UCPA Karlan Drive facility.

Moreover, although we recognize that State and local welfare agencies have a valid interest in preserving the fiscal integrity of their programs, we caution that the relevant statute and regulations "may not be applied with a literal rigidity that would effectively deny to eligible persons intended medical assistance" (*Matter of Kaminsky v Brezenoff*, 77 AD2d 550, 551, mot to dismiss app granted 51 NY2d 1009; cf. *Shapiro v Thompson*, 394 US 618, 633). We conclude, therefore, that respondents' decision denying petitioner transportation to and from the Karlan Drive facility is unsupported by substantial evidence and is arbitrary and capricious (*300 Gramatan Ave. Assoc. v State*

---

* In our view, the fair hearing officer should have required such proof pursuant to 18 NYCRR 358.16 [d] which provides: "[d] When the hearing involves medical issues such as those concerning a diagnosis, an examining physician's report, or a medical review team's decision, a medical assessment other than that of the person or persons involved in making the original decision shall be obtained and made part of the record if the hearing officer considers it necessary."

*Div. of Human Rights,* 45 NY2d 176; *Matter of Newhook v Blum,* 72 AD2d 567; *Matter of Clark v Blum,* 68 AD2d 1005).

With respect to petitioner's request for transportation to and from the Al Sigl Center, the Department concluded in the decision of the fair hearing that: "In this case the record establishes that appellant's need for transportation to the Al Sigl Center is not for the purposes of obtaining covered medical services under the Medical Assistance program. Therefore, the agency's denial of such transportation services was correct."

We agree. The high school equivalency program is not encompassed within the "medical assistance" for which transportation may be provided (Social Services Law, § 365-a, subd 2). The Agency's representative at the fair hearing submitted a memorandum from the Regional Medical Care Administrator of the New York State Department of Health which verified that the high school equivalency program petitioner attends at the Al Sigl Center is "supported by the New York State Education Department and is not eligible for Title XIX (Medicaid) funds." Moreover, it appears that the primary reason petitioner enrolled in the program had little to do with his medical needs. Rather, the program simply fulfilled a need to occupy petitioner from 3:00 P.M., when the Karlan Drive facility closed, until 6:00 P.M., when his mother finished work.

For the foregoing reasons, the determination of the Agency, insofar as it denies petitioner's request for transportation to and from the Karlan Drive facility should be annulled and the Agency is directed to provide such transportation immediately. That portion of the determination which denied petitioner's request for transportation to and from the Al Sigl Center should be confirmed.

DILLON, P. J., BOOMER, MOULE and SCHNEPP, JJ., concur.

Determination unanimously modified and as modified confirmed, without costs, in accordance with opinion by GREEN, J.