ROCHESTER GAS AND ELECTRIC CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, October 23, 1986

## APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (Richard N. George, Robert L. Daileader, Jr.,* and *Jeffrey C. Parnell* of counsel), for appellant.

*David E. Blabey (Lawrence G. Malone* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff, Rochester Gas and Electric Corporation, is a regulated gas distribution utility that sells natural gas in a seven-county area in and around the City of Rochester. Plaintiff transports the gas which it purchases from pipeline companies to end-users at retail rates developed by State regulatory agencies.

By notice of proposed rulemaking issued October 31, 1983, defendant, the Public Service Commission, solicited comments from interested parties on a proposal that gas distribution corporations be required to transport customer-owned gas to end-users, in addition to their own natural gas, to the extent of their excess transportation capacity. On April 24, 1984, defendant, after reviewing submitted comments, issued its opinion in which it set forth guidelines requiring gas corporations, including plaintiff, to transport customer-owned gas and directed gas distribution corporations to file tariff leave amendments in accordance with the guidelines.

While plaintiff's application to defendant for a rehearing was pending, Laws of 1984 (ch 519) was enacted by the Legislature which included Public Service Law § 66-d (2). That provision provides that: "The commission * * * after notice and hearing shall * * * have the authority to order any gas corporation to transport * * * gas under contract for sale by such producer or owned by such consumer provided that, the commission finds that the gas corporation has available capac-

ity, that no undue burden shall be placed upon the gas corporation or its ratepayers and that the ability of the gas corporation to render adequate service to its customers is not impaired."

After a public hearing where interested parties were afforded an opportunity to show cause why gas distribution companies should not be required to provide transportation services for customer-owned gas, the Administrative Law Judge recommended that such companies be required to file tariffs for the proposed natural gas transportation service. Defendant adopted this recommendation.

Plaintiff commenced the instant action seeking a declaratory judgment that Public Service Law § 66-d (2) violated its right to due process by converting it into a common carrier, by interfering with its facilities and by establishing transportation rates that were not just and reasonable. Defendant moved to convert the action to a CPLR article 78 proceeding and to dismiss the action. Plaintiff cross-moved for summary judgment and moved for a preliminary injunction. Plaintiff's motions were denied. Special Term granted defendant's motion for summary judgment dismissing the complaint (128 Misc 2d 801). This appeal by plaintiff ensued.

■ Plaintiff's contention that Public Service Law § 66-d (2) involuntarily converted it from a contract carrier into a common carrier in violation of its due process rights under both the Federal and State Constitutions is without merit. Since the purpose for enacting Public Service Law § 66-d was to encourage the purchase and use of larger quantities of competitively priced New York State-produced natural gas and provide necessary incentives for the continued growth of the natural gas industry in this State, we hold that Public Service Law § 66-d (2) does, in fact, despite defendant's argument to the contrary, convert plaintiff to a common carrier of customer-owned natural gas. Since defendant has required plaintiff to file tariffs for the transportation and delivery of customer-owned gas, it has also required plaintiff to hold itself out to serve all shippers of this kind within its territory who wished to be served. Plaintiff cannot pick and choose. It has to serve all who require its services provided it has the facilities to provide the service. Such a relationship between a shipper and a carrier is the definition of a common carrier *(see, Matter of Motor Haulage Co. v Maltbie,* 293 NY 338, 354). The clear intent of Public Service Law § 66-d (2) is that when gas corporations have excess transportation capacity, they must

undertake to deliver customer-owned natural gas to all those who seek their services within their franchise territory to the extent of their capabilities. That is the very nature of a common carrier *(supra,* at pp 351-356).

However, requiring plaintiff to undertake the aforedescribed common carrier responsibilities does not violate its due process rights. As a regulated gas corporation, plaintiff's franchise agreements require it to distribute gas throughout its service territory. No distinction is made concerning gas that plaintiff owns for resale to its retail customers and customer-owned gas *(see,* Public Service Law § 2 [10], [11]; § 65). Therefore, defendant's order requiring plaintiff to file tariffs for the transportation of customer-owned gas amounts to nothing more than extending plaintiff's service to an area that it is already committed to serve. Plaintiff is not being ordered to undertake a new service.

Next, we also hold that plaintiff failed to sustain the heavy burden of proving that Public Service Law § 66-d (2) is unconstitutional beyond a reasonable doubt *(see, Nettleton Co. v Diamond,* 27 NY2d 182, 193, *appeal dismissed sub nom. Reptile Prods. Assn. v Diamond,* 401 US 969). It is well settled that the Legislature has the power to regulate public utilities devoted to supplying public service *(see, Matter of Consolidated Edison Co. v Public Serv. Commn.,* 63 NY2d 424, *appeal dismissed* 470 US 1075; *Matter of Public Serv. Commn. v Jamaica Water Supply Co.,* 42 NY2d 880; *Matter of General Tel. Co. v Public Serv. Commn.,* 63 AD2d 93). The only limitation is that such regulation must be rational and not arbitrary or capricious. Here, the underlying purpose of Public Service Law § 66-d (2) is to promote the production and utilization of natural gas in New York State. By requiring gas corporations to transport customer-owned gas to the extent of their excess distribution capacity, development of in-State natural gas supplies will be stimulated and the natural gas market in the State will be more competitive to the benefit of consumers. With respect to constitutional due process, a State is free to adopt whatever economic policy that will promote the public welfare *(Nebbia v New York,* 291 US 502, 525).

Finally, plaintiff's contention that defendant's opinion that set forth the guidelines requiring, *inter alia,* the filing of tariffs is an impermissible taking of private property by compelling it to render a new service is meritless. As previously pointed out, Public Service Law § 66-d (2) and defendant's opinion and order pursuant thereto do not require

plaintiff to undertake any new service. Plaintiff is merely being required to expand its services into an area it previously committed itself to serve. We also reject plaintiff's argument that the compensation defendant's order provides is inadequate because it only compensates for the new service and not for the value of the property taken. Since, pursuant to Public Service Law § 2 (10) and (11), plaintiff's distribution facilities are already dedicated to the distribution of natural gas, Public Service Law § 66-d (2) does not result in a taking of plaintiff's property. Therefore, we hold there is a rational basis for requiring plaintiff to provide the service of delivering customer-owned natural gas and it is entirely rational for defendant to only permit plaintiff to recover the cost of providing the expanded transportation and delivery duties. There has been no taking without just compensation *(see, Southwestern Elec. Power Co. v Federal Power Commn.,* 304 F2d 29, *cert denied sub nom. Alabama Power Co. v Federal Power Commn.,* 371 US 924; *Matter of New York State Council of Retail Merchants v Public Serv. Commn.,* 45 NY2d 661, 672).

■ Since this is a declaratory judgment action, Special Term should not have dismissed the complaint, but should have issued a declaration in defendant's favor *(see,* Siegel, NY Prac § 440, at 583). Thus, the order must be modified.

WEISS, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the complaint; it is declared that defendant's Opinion No. 85-6 is not violative of the United States Constitution or the New York State Constitution or in any other manner unlawful; and, as modified, affirmed.