JAMES H. DONOVAN et al., Respondents, v MARIO CUOMO, Individually and as Governor of New York State, et al., Appellants.

Third Department, April 2, 1987

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (C. Michael Reger, Peter H. Schiff* and *Paul D. Silver* of counsel), for appellants.

*Mary B. Spaulding (George S. Lettko* and *A. Lawrence Washburn, Jr.,* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

Plaintiffs commenced this citizen taxpayer action pursuant to State Finance Law article 7-A challenging current and recent appropriations for medical assistance (Medicaid) funds within the State budget for abortion services. Under the Medicaid program, needy persons are provided with "medical assistance", which is defined as: "payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap" (Social Services Law § 365-a [2]). Thus, the Medicaid program is not applicable to medical services which are termed "elective" or not medically necessary. Such principle is not peculiar to abortion services, but applies to all medical services and supplies and has been applied to surgical procedures, nursing and support services, equipment, nutrition services, sterilization procedures and transportation *(see, e.g., Matter of Coffey v D'Elia,* 61 NY2d 645; *Matter of Denise R. v Lavine,* 39 NY2d 279; *Matter of Mobley v Perales,* 108 AD2d 690; *Matter of Denton v Blum,* 95 AD2d 854; *O'Neill v Blum,* 95 AD2d 357; *Matter of Clink v Lavine,* 79 Misc 2d 421). The Department of Social Services is charged with the responsibility of administering the Medicaid program and, in particular, determining eligibility (Social Services Law §§ 363-a, 364). The Department, in manuals and claim forms provided to physicians and hospitals, devised the following classification for abortion services:

A. Induced Abortion—Danger to the woman's life.

B. Induced Abortion—Physical health damage to the woman.

C. Induced Abortion—Victim of Rape or incest.

D. Induced Abortion—Medically necessary.

E. Induced Abortion—Elective—i.e., not considered medically necessary by the attending physician.

The attending physician determines the appropriate classification and indicates it on the form. The Department has determined that classifications A, B, C and D are eligible for Medicaid, but classification E is not. Included in the information given to providers is the definition of medically necessary found in Social Services Law § 365-a (2).

Plaintiffs' complaint alleges that State Medicaid funds have illegally been spent on abortions not properly established to have been medically necessary. After issue was joined, defendants moved for summary judgment. Ultimately, an amended complaint was served. Defendants answered, describing the Medicaid procedures involved and denying any impropriety. Defendants then moved for summary judgment again. Plaintiffs opposed this motion and cross-moved for disclosure. Supreme Court denied defendants' motions and granted discovery and inspection of certain State records. This appeal by defendants ensued.

All parties agree that only abortions which are medically necessary are eligible for Medicaid funding.* Further, the complaint and amended complaint do not claim that the Department has acted irrationally in interpreting the statutory definition of "medically necessary". Rather, the complaint and amended complaint charge that the Department has not taken necessary steps to assure that Medicaid funds are not being expended for abortion services which are not medically necessary and that the Department has ignored a definition of medically necessary adopted by the Court of Appeals.

Where an agency is delegated a responsibility by statute, it is up to the agency to decide how best to perform such

---

* The complaint also charges that defendants have encouraged the City of New York to expend public funds for elective abortions. However, defendants have submitted uncontradicted proof that the City of New York pays for elective abortions for eligible women with its own funds and receives no reimbursement from Medicaid for such expenditures. The City of New York is not a party to this action and plaintiffs offer no evidence tending to demonstrate that defendants are responsible for this policy decision of the City of New York.

responsibility, and to promulgate regulations and devise procedures to that end, so long as its actions are not irrational *(see generally, Matter of City of New York v State of New York Commn. on Cable Tel.,* 47 NY2d 89, 92; *Town of Junius v Flacke,* 71 AD2d 423, 427-428, *affd* 53 NY2d 616). Here, the Department has devised forms and filing procedures relating to all Medicaid services, including abortion services. On the forms, the attending physician or other health care provider is required to state the reason for the abortion by using the coding system described earlier. All providers are required to certify that the information given is correct. Providers are also given the statutory definition of medically necessary. In general, the judgment as to whether an abortion is medically necessary is for the attending physician to make *(Doe v Bolton,* 410 US 179, 192). That being the case, the physician's certification that an abortion was medically necessary for Medicaid purposes may be relied upon by the Department as prima facie evidence that the procedure is eligible for Medicaid funding. In opposition, plaintiffs fail to demonstrate how the procedures utilized by the Department are irrational except to suggest that providers can falsely certify that an abortion is medically necessary and, thus, unlawfully secure Medicaid funding. Considering the fact that literally millions of Medicaid claims are filed each year, reliance by the Department upon the providers' certifications is not irrational. Thus, the fact that the Department admits that it does not go beyond the certification in most cases does not raise a triable issue of fact that it is acting improperly or is approving payment for elective abortions.

Next, plaintiffs claim that vast numbers of abortions which are not medically necessary are being funded by Medicaid. They allege that a pattern of fraud exists wherein providers certify that abortions are medically necessary when they are not, that the Department encourages such practice and that the Department authorizes Medicaid reimbursement where the appropriate certification is not made. Where a party moves for summary judgment and offers factual evidence in support, the opposing party must come forward with evidentiary proof in admissible form establishing the existence of triable issues of fact *(Polyglycoat Center v Arace's Ford,* 126 AD2d 844 [Jan. 15, 1987]). Affidavits which set forth bald conclusory allegations or simply restate allegations made in the complaint are insufficient *(Zuckerman v City of New York,* 49 NY2d 557, 562; *Porter v Callahan,* 125 AD2d 891). Here,

plaintiffs allege "massive and pervasive fraud" but offer no evidentiary support for such allegation. They allege that over 50% of the abortions funded under the Medicaid program in particular years were not medically necessary, but offer no proof of such claim. In opposition, defendants offered detailed proof of the Medicaid claiming procedures, along with proof of auditing and disbursement procedures. In response, plaintiffs offered no proof in admissible form in support of their allegations, but simply restated the conclusory allegations in the complaint and amended complaint. A party cannot simply allege that an agency is guilty of, or is responsible for, improprieties and then use disclosure as a fishing expedition in hopes of finding something unlawful.

Plaintiffs' primary contention in opposition to defendants' summary judgment motion was that the Department has interpreted the term "medically necessary" in a manner contrary to the decision of the Court of Appeals in *Matter of City of New York v Wyman* (30 NY2d 537, *revg on dissenting opn below* 37 AD2d 700). In that case, the Court of Appeals upheld a 1971 determination of the Commissioner of Social Services that Medicaid funding for abortions was limited to those that are "medically indicated". In the dissenting opinion of the First Department, relied on by the Court of Appeals, it was stated: "An abortion is medically indicated when the examining physician determines that it is an advisable procedure to preserve the life or health of the expectant mother. It is not medically indicated when the pregnant woman undergoes it because she does not, for any other reason, desire to bear a child" *(City of New York v Wyman,* 37 AD2d 700, *revd on dissenting opn below* 30 NY2d 537, *supra).* The issue in that case was whether it was irrational for the Department to conclude that elective abortions were not medically necessary within the meaning of Social Services Law § 365-a (2) and, therefore, not eligible for Medicaid funding *(supra).* The exact scope of what is a medically necessary abortion was not at issue. Thus, there was no attempt to set forth a precise definition of medically necessary. Indeed, the court could not have done so. It is for the Legislature to determine the scope of medical services to be covered by the Medicaid program. The Department is charged with interpreting such statutory directive. The court's role is limited to determining whether the Department's interpretation of the legislation is rational.

In conclusion, since plaintiffs have failed to come forward with proof in evidentiary form to create any triable issues of

fact, summary judgment should have been granted to defendants. Since this is a declaratory judgment action, defendants are entitled to a declaration in their favor *(see, Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 119 AD2d 353, 357).

KANE, MAIN and LEVINE, JJ., concur.

Order reversed, on the law, without costs, motions for summary judgment granted to the extent that it is declared that the allegations in the complaint and amended complaint fail to establish that the practices of defendants in authorizing and paying funds for certain abortion-related services pursuant to Social Services Law § 365-a are in any manner unlawful as violative of any statutory, regulatory or constitutional provisions, and cross motion denied as academic.