■ KENNETH MICHAELIS, Respondent, v STATE OF NEW YORK et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered May 19, 1987 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

In December 1984, plaintiff was promoted to the position of Deputy Superintendent for Program Services at Orleans Correctional Facility. The Deputy Superintendent position is in the noncompetitive class, and each correctional facility has such positions for program, administration and security services. These three Deputies, along with the facility Superintendent, form the management team which operates the facility. In July 1985, Frank Irvin, a black man who was Deputy Superintendent for Security Services at Orleans, filed a complaint with the office of the Commissioner of Correctional Services alleging that, on several occasions, plaintiff and the Superintendent of Orleans, who are both white men, subjected him to racial insults in the presence of his staff. After a meeting between plaintiff, the Superintendent of Orleans and officials of the Commissioner's office, the Commissioner decided to demote plaintiff to his former position of senior correction counselor. The Superintendent of Orleans was apparently also demoted.

Plaintiff commenced this action in Supreme Court alleging that he was demoted because of race in violation of the Human Rights Law. The action seeks, *inter alia,* reinstatement with back pay. Defendants answered and moved for summary judgment dismissing the complaint. Supreme Court denied the motion, and this appeal ensued.

The position of Deputy Superintendent is in the noncompetitive class of the classified civil service. Defendants maintain,

and plaintiff does not dispute, that the provisions of Civil Service Law § 75 providing that disciplinary action may be taken only upon a finding of incompetency or misconduct do not apply to plaintiff's position. Thus, whether there was "just cause" for plaintiff's demotion is not at issue here. This action proceeds solely on the claim that the demotion was in violation of the Human Rights Law. Even an employee "at will" or without civil service protection may not be disciplined because of race, color or any of the other classifications set forth in the Human Rights Law (see, Matter of New York City Bd. of Educ. v Batista, 54 NY2d 379, 382-383; Executive Law § 296 [1] [a]).* Thus, at issue in the action is whether plaintiff's demotion was motivated by racial discrimination.

Summary judgment is a drastic remedy and should not be granted unless there are no triable issues (Andre v Pomeroy, 35 NY2d 361, 364). Where a party has demonstrated entitlement to summary relief, the opposing party must come forward with proof in admissible form establishing the existence of a triable issue (Donovan v Cuomo, 126 AD2d 305, 308). Bald conclusory allegations are insufficient to defeat a motion for summary judgment (supra). We agree with defendants that neither plaintiff's intent in engaging in the conduct at issue nor the correctness or wisdom of the Commissioner's decision is at issue here. The motivation of the Commissioner in demoting plaintiff is at issue.

Affidavits submitted by defendants aver that the Commissioner's decision was based on the fact that plaintiff's conduct demonstrated poor judgment and insensitivity to racial matters, qualities which are undesirable in the position plaintiff held. Such reasoning is valid. However, as noted by Supreme Court, defendants did not offer any proof that the same standard is or would be applied to all Deputy Superintendents regardless of race. Indeed, there is some suggestion in their reply brief that defendants take the position that they could lawfully have disciplined plaintiff for his action because he was white where they would not have disciplined him had he been black. While plaintiff has not offered proof on this issue, it must be realized that he is in no position to know the thought processes of the Commissioner. The law recognizes some flexibility in the quantum of proof necessary to defeat a

* A person claiming a violation of the Human Rights Law may pursue the claim in a court action or before the Division of Human Rights (Executive Law § 297 [9]). Defendants do not raise on this appeal the issue of whether the instant action should more properly have been brought in the form of a CPLR article 78 proceeding in the nature of mandamus to review.

motion for summary judgment (CPLR 3212 [f]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). In our view, summary judgment is not warranted in this case until after discovery is conducted to determine whether any triable issues exist.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.