■ KENNETH MICHAELIS, Respondent, v STATE OF NEW YORK et al., Appellants. [663 NYS2d 922] —Yesawich Jr., J. Appeal

---

from an order of the Supreme Court (Keegan, J.), entered July 1, 1996 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was permanently demoted from his position as Deputy Superintendent for Program Services at Orleans Correctional Facility as a result of incidents in which he and the Superintendent, both white men, allegedly subjected another Deputy Superintendent, an African-American, to ridicule or racially insensitive comments. He thereafter commenced this action charging defendants with having illegally discriminated against him on the basis of his race, in violation of Executive Law § 296 (1) (a), by punishing him more harshly than they would a minority employee who had engaged in similar conduct.

Supreme Court denied defendants' initial motion for summary judgment, without prejudice to its renewal after discovery, and this Court affirmed (135 AD2d 1005). Discovery resulted in the production by defendants of the personnel records of five other facility executives (Superintendents and Deputy Superintendents, hereinafter referred to as employees A, B, C, D and E), all African-Americans, who had been accused of sanctionable conduct. Citing these records as proof that plaintiff had not been treated more severely than his peers, defendants moved again for summary judgment. In response, plaintiff asserted that these records raise questions of fact regarding whether he was disciplined in a racially unbiased manner. Supreme Court denied the motion and defendants appeal.

To succeed on their motion, defendants must show, prima facie, that plaintiff's claim of unlawful discrimination is meritless (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). As was the case on the previous motion, however, defendants have still not made an unassailable showing that minority employees holding positions similar to plaintiff's position have been disciplined as severely for comparable infractions (*see*, 135 AD2d 1005, 1006, *supra*). Rather, as Supreme Court indicated, the records pertaining to employees A through E merely raise additional factual questions with regard to, *inter alia*, whether those employees' conduct, though different from plaintiff's, was equally egregious; whether the sanctions imposed in those instances can be meaningfully compared with that at issue here, considering the differences in the nature and severity of the wrongdoing involved; and if they can, whether the penalty meted out to plaintiff deviated materially from the others, taking into account those disparities.

Moreover, defendants assert in their brief that their decision with respect to the disciplinary action taken against plaintiff was guided by race-specific policy considerations, including a desire to "increase the promotional opportunities for African-Americans, and to make [our] frequently hostile upstate facilities more desirable for black managers"; this assertion finds ample support in the deposition testimony of those responsible for resolving the matter and other record proof. Given this, and the lack of any definitive proof that plaintiff was, in fact, treated in the same fashion as his minority colleagues (*cf.*, *Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 10), it cannot be said that defendants have demonstrated their right to judgment as a matter of law (*see*, *Kipper v Doron Precision Sys.*, 194 AD2d 855, 857; *compare*, *Hall v Paladino*, 210 AD2d 595, 596, *appeal dismissed* 85 NY2d 923).

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.