CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under a Certain Trust Agreement Dated May 1, 1926, with THE PRUDENCE COMPANY, INC., Appellant, v. MARY BOCCIA and Others, Defendants, Impleaded with MICHAEL BOCCIA, Respondent.

Second Department, March 25, 1935.

*Larkin, Rathbone & Perry* [*Vincent Keane* with them on the brief], for the appellant.

*Harold M. Spitzer* [*Meyer Robins* with him on the brief], for the respondent.

HAGARTY, J. The plaintiff, by notice of motion in this foreclosure action, applied for confirmation of the referee's report of sale and for leave to enter a deficiency judgment for $1,200.47 against the defendant, respondent, Michael Boccia, and defendant Mary Boccia. Plaintiff's motion was made and heard within ninety days after the delivery of the referee's deed, but more than ninety days after the property was offered at public auction by the referee. Defendant Michael Boccia opposed the application, in so far as request was made for a deficiency judgment, on the grounds, *first*, that the application was required by statute to be made within ninety days of the auction, and, *second*, that the value of the property exceeded the amounts due on the mortgage. The latter contention is not urged.

The learned Special Term decided that the plaintiff was not entitled to the relief sought for the reason that the motion should have been made within ninety days of the auction, holding that chapter 562 of the Laws of 1934 had superseded chapter 564 of the Laws of 1934.

The action was instituted for the partial foreclosure of an $8,500 mortgage, demand having been made only for defaulted items of taxes and interest, the principal of the mortgage not having been declared due. Judgment was entered on the 23d day of March, 1934, and it provided that the plaintiff might subsequently apply, pursuant to section 1083-a of the Civil Practice Act, for judgment against the Boccias, Michael and Mary, for any deficiency resulting on the sale. The premises were offered at auction on the 19th day of May, 1934, and bid in for the sum of $500, subject to the continuing lien of the principal of the mortgage. The referee's deed was executed and delivered on the 18th day of June, 1934.

The question presented involves the genesis of the emergency legislation in so far as it imposes restrictions upon the recovery of deficiency judgments in mortgage foreclosure actions. The first of these acts was chapter 794 of the Laws of 1933, which added to the Civil Practice Act a new section, designated 1083-a, which reads: " No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

Chapter 564 of the Laws of 1934, entitled "An Act to amend the civil practice act, in relation to deficiency judgments in actions to foreclose mortgages on real property," amended section 1083-a to read as follows (the changed language being in italics): " No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where the mortgaged property shall be sold during the emergency, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or *within ninety days after the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser*, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date *such premises were bid in at auction* or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment."

The remainder of the original section remains unchanged by the amendment. For the purpose of the statute, it is obvious that by the change the Legislature intended to eliminate a possible doubt under the original language as to whether or not the property might be considered as " sold " prior to completion of the purchase.

Section 1083-a was also amended by chapter 562 of the Laws of 1934, entitled, " An Act to amend the civil practice act, in relation to the disposition of moneys in the hands of receivers and mortgagees in possession in foreclosure actions." This chapter added a new paragraph to section 1083-a, thereby constituting it a section consisting of two paragraphs. For the first paragraph it set forth substantially the original language of section 1083-a as contained in chapter 794 of the Laws of 1933. For the second paragraph it set forth this new and additional matter: " Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership, or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of said premises, shall be paid to the plaintiff to the extent of the amount, if any, by which

the judgment of foreclosure and sale exceeds the amount paid for said property upon said sale."

It will be observed that only the second paragraph has any relation to the title of said chapter 562. The first paragraph might well have been omitted, and perhaps would have been omitted had the sponsors of the two amending bills worked in unison. Both amending bills were approved by the Governor after the final adjournment of the Legislature, chapter 564 having been approved on the 12th day of May, 1934, and chapter 562 on the fourteenth day of the same month.

The New York Legislative Record and Index for 1934 (pp. 9 and 11) discloses the facts with respect to the introduction and enactment of the two bills. The bill which became chapter 562 was introduced in the Senate on the 9th day of January, 1934, and was passed by that body on the twenty-first of March. It was then sent to the Assembly and that body passed the bill on April third, on which day it went to the Governor. It was recalled on the thirteenth of April, but was returned to the Governor on the twentieth of April. The bill which became chapter 564 was introduced in the Senate on the 15th of January, 1934, and was passed by that body on the tenth of April. The Assembly passed the bill on the twentieth of April and it went to the Governor on the twenty-third of April. Both chapters were by their terms made effective immediately, and neither made reference to the other by way of repeal or otherwise.

Thus it appears that chapter 562 was passed by both houses of the Legislature before chapter 564 was passed in the house in which it originated. Therefore, it would seem that chapter 564 is the later expression of the legislative will, and that if either chapter superseded the other, chapter 562 was the one superseded. However, the question of which superseded the other is not of necessity involved, since each chapter may be given the effect ascribed to it by the Legislature. Each by its title relates to a distinct matter, and they may be deemed consistent if chapter 562 be limited to the newly added paragraph relating to moneys held by receivers and mortgagees in possession, since the first paragraph is substantially identical with the first paragraph in the original enactment of 1933 (Laws of 1933, chap. 794).

In *New York Life Ins. Co.* v. *Guttag Corp.* (265 N. Y. 292) the question here involved was not before the court, but reference having been made to the legislative finding of emergency conditions requiring limitations upon deficiency judgments, it was written: " With this purpose in view the Legislature enacted section 1083-a of the Civil Practice Act which reads in part as follows." The exact language of section 1083-a as set forth in chapter 564 was then

set forth, and the court indicated that it considered the section to contain additional language, *i. e.*, the paragraph added by chapter 562 relating to rent balances. Clevenger's Practice Manual sets forth section 1083-a as consisting of two paragraphs, the first relating to the obtaining of deficiency judgments, in the language of chapter 564, and the second relating to balances of rents in the hands of a receiver, etc., in the language of the second paragraph of chapter 562. This construction was adopted by the Special Term, New York county, in *Seamen's Bank for Savings* v. *Chase Nat. Bank* (N. Y. L. J. June 21, 1934, not officially reported). The only cited authority to the contrary is that of *Chase Nat. Bank* v. *Friedman* (N. Y. L. J. May 29, 1934), a Kings County Special Term case not officially reported, decided on the reasoning that, by chapter 562 of the Laws of 1934, section 1083-a of the Civil Practice Act was restored to the form in which it was originally enacted in 1933, notwithstanding the provisions of chapter 564 of the Laws of 1934.

Respondent contends that chapters 562 and 564 of the Laws of 1934 are inconsistent; that the later of two inconsistent statutes governs, and that chapter 562 is the later of the laws, since the passage of a bill by the Legislature does not in and of itself make it a law. (N. Y. Const. art. 4, § 9.) That section of the Constitution provides that every bill which shall have passed the Legislature shall, before it becomes a law, be presented to the Governor, and it prescribes the method by which it subsequently becomes a law, either by virtue of the signature of the Governor or by a subsequent passage by the Legislature over the Governor's veto. Assuming the argument to be sound, it does not reach the facts in this case. For the reasons stated, chapter 564 was not repealed by chapter 562. But, even if it be assumed that chapter 564 was repealed by chapter 562, the order nevertheless must be reversed for the reason that the application in any event was controlled by chapter 564. The action was pending on the 12th day of May, 1934, when chapter 564 became effective, judgment of foreclosure having been entered on the 23d day of March, 1934. Section 1083-a, as originally enacted, was inapplicable to cases in which judgment of foreclosure had been granted prior to the effective date of the statute, though the sale was held subsequently. (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.) Section 2 of chapter 564 provides that " The provisions of section ten hundred eighty-three-a, as amended, shall apply to all actions to foreclose mortgages on real property now pending in the courts of this state." Section 1083-a, as originally enacted, contained no such provision, nor does chapter 562. Therefore, this action having been pending at the time chapter 564 became

effective, the appellant's rights must continue to be governed by that chapter, regardless of a possible subsequent repeal by chapter 562.

Up to this point, I have dealt with the question of law on the assumption that it was the rule, settled and established by authority, that under the provisions of section 1083-a as originally enacted the time for the application for a deficiency judgment began running at the time of the auction. I find no authority for the rule. The contrary doctrine was enunciated in *Fresh Air Fund of Church of Divine Paternity* v. *Noob Realty Co., Inc.* (N. Y. L. J. Apr. 7, 1934), a Queens County Special Term case, not officially reported. Until delivery of the referee's deed, the purchaser acquires no title to the property, nor may the mortgagor be deprived of his right to possession of the property until the actual passing of title under the referee's deed.

In so far as it denies appellant's motion for leave to enter a deficiency judgment against defendants Boccia, the order should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., CARSWELL and TOMPKINS, JJ., concur; YOUNG, J., concurs for reversal, with the following memorandum: The word "sale" in the original statute, and as it was amended by chapter 562 of the Laws of 1934, means a sale consummated by the payment of the full purchase price and the passing of the referee's deed. Until that time there can be no certainty as to the amount of the deficiency. A sale might be set aside and a resale ordered after the ninety-day period and it would wipe out any deficiency judgment theretofore entered under the statute.

Order confirming referee's report of sale, in so far as it denies appellant's motion for leave to enter a deficiency judgment against defendants Boccia, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.