BROOKLYN SAVINGS BANK, Plaintiff, *v.* LEON J. NEUMANN and Others, Defendants.

Supreme Court, Special Term, New York County, June 25, 1936.

*Snedeker & Snedeker*, for the plaintiff.

*Louis Engelberg*, for the defendants.

COTILLO, J. This is a motion for judgment on the pleadings by the corporate defendants. The action is brought against the individual defendants to declare fraudulent as to plaintiff, an alleged creditor, the transfer of certain properties from the individual to the corporate defendants. The ground of the motion is that the individual defendants are not debtors of the plaintiff and the action is, therefore, not maintainable.

Originally the moving defendants were indebted to the plaintiff on a bond for $90,000, secured by a mortgage on realty. This mortgage was foreclosed in an action in which the individual defendants were served by constructive process as they were not residents of New York. They did not appear. The property was bought in by plaintiff at a price below the mortgage debt. Subsequently plaintiff sought to obtain a deficiency judgment against these individual defendants pursuant to provisions of section 1083-a of the Civil Practice Act. The motion for judgment was successfully resisted on the ground that such a judgment in the absence of personal service was contrary to the rule in *Pennoyer* v. *Neff* (95 U. S. 714). The denial was thus as a matter of law. Does it definitely bar the plaintiff as a creditor? On the one hand, it may be said that *prima facie*, by reason of the liability of the individuals on the bond, they are debtors. On the other hand, it may be argued that section 1083-a of the Civil Practice Act regards a sale in foreclosure as full satisfaction of the mortgage debt and as barring

any right to recover unless a motion for a deficiency judgment has been made. Here it might seem that the denial of the motion for a deficiency judgment as a matter of law would conclude the plaintiff from any further relief.

Plaintiff argues that section 1083-a of the Civil Practice Act applies only to cases where section 1083 would apply, namely, where there has been personal service. There having been none here, the inference it desires to draw is that plaintiff may still claim to be a creditor on the deficiency. Defendants, however, point to the necessity of interpreting that section liberally so as to accomplish the beneficent purposes intended. It seems to me that the argument of defendants has a dual application in protecting both the mortgagee and the mortgagor. Obviously the impossibility of obtaining personal service upon a non-resident defendant should not forever bar a plaintiff who forecloses during the moratorium period from ever holding such non-resident on a deficiency. A strict construction of section 1083-a of the Civil Practice Act against the mortgagee, with its limitation period of ninety days after the consummation of the sale, would make it impossible for him ever to ascertain and fix the deficiency to which a non-appearing, non-resident defendant, served by publication, would be liable. If the statute is elastic enough to give guarantors of a bond secured by a mortgage the benefit of having the fair value of the property set off against the amount of the bond, it is also elastic enough to render such non-resident obligors, if they do not appear, liable in a separate action for a deficiency. In such an action, however, the defendant should be able to avail himself of the same privilege of setting off the fair value of the property at the time of sale against the face of the debt. If plaintiff brought a separate action for a deficiency, I should sustain its right to do so. But until its termination it could not be told whether plaintiff was a creditor, because the appraisal of the property might show a fair value in excess of the bond debt.

Upon this basis plaintiff's action as a creditor against the alleged transferees must be dismissed as premature and the motion of defendants granted.

Settle order.