MUNICIPAL MORTGAGE COMPANY, Plaintiff, *v.* SYNDIC REALTY CO., INC., and Others, Defendants.

Supreme Court, Special Term, New York County, March 3, 1937.

*Benjamin J. Rabin* [*V. Paul McManus, Jr.*, of counsel], for the plaintiff and the Mortgage Commission of the State of New York.

*Proskauer, Rose & Paskus* [*William A. Pallme* of counsel], for the defendant Syndic Realty Co., Inc.

*J. Donald Whelehan* [*E. Robert Willcox* of counsel], for the Superintendent of Insurance of the State of New York and the Bond and Mortgage Guarantee Company.

COTILLO, J. The motion, in so far as it seeks a deficiency judgment, is opposed on the ground that the motion for that relief is not timely made, and also that the delivery of the deed was long delayed after the sale and that the computation of interest and the penalties on unpaid taxes is not justified. Section 1083-a of the Civil Practice Act, as amended by chapter 562 of the Laws 1934, provided: " Simultaneously with the making of a motion for an order confirming the sale or *in any event* within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment."

As the section now stands (as amd. by Laws of 1934, chap. 564; Laws of 1935, chap. 268),* the words " in any event " have been stricken out. The plaintiff urges that under the statute as amended the application may be made either simultaneously with the motion

---

* Since amd. by Laws of 1937, chap. 705.

to confirm the sale or within ninety days after the date of the consummation of the sale by the delivery of the deed. That since the word " or " as it appears in the section makes this true in any case, it is " *a fortiori* " true when the Legislature expressly struck out the words " in any event." The cases of *Title Guarantee & Trust Co.* v. *Corn* (N. Y. L. J. May 11, 1936, p. 2413, McLaughlin, J.) and *N. Y. Title & Mortgage Co.* v. *Cedarbaum* (Id. May 22, 1936, p. 2634, Hallinan, J.) and *Mortgage Commission of the State of New York* v. *Adikes* (Id. Dec. 2, 1936, p. 1973) are favorable to plaintiff. If this construction be correct, if the word " or " is taken by itself in the construction, then there is no limitation of time when such application for deficiency may be applied for, provided no motion is made to confirm the report of sale. I can hardly accept this construction as the one intended by the Legislature, for in such case it would permit the party entitled to the deficiency to withhold the establishment of the rights of the defendant to know his status under the foreclosure sale. There was in my opinion no such intention by the Legislature to permit such procedure to be adopted. The word " simultaneously " in the statute would permit the plaintiff to move to confirm the sale at any time without a waiver of the right to apply for a deficiency within the ninety days. The words " in any event " in the old statute would have indicated that the motion to confirm and for a deficiency was to be made within the ninety-day period, and the omission of these words merely clarified the statute by providing that the motion to confirm need not be made at the same time as the deficiency was sought. In connection with the statute the concluding sentence of the first paragraph must also be considered, and this sentence provides: " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

If the construction the movant advocates was proper, the sentence of the statute above quoted would be meaningless, as there would be no limitation of time within which the motion for a deficiency would be required, and so long as no motion to confirm be made, the limitation of time could not be tolled. The present statute indicates that there be a limitation of time and that time is fixed as being within the ninety-day period The intent of the statute was to fix a limitation of time and that being " within ninety days after the delivery of the referee's deed." (*Central Hanover Bank & Trust Co.* v. *Boccia*, 244 App. Div. 106; *Mutual Life Ins. Co. of*

*N. Y.* v. *Colonel Realty Corp.*, N. Y. L. J. Nov. 17, 1936, p. 1717, McLaughlin, J.) This is certainly the situation where there has been personal service in the foreclosure action, whatever may be the exceptional circumstance where there has been judgment by default. (*Brooklyn Sav. Bank* v. *Neuman*, 162 Misc. 99.) The claim of the defendant that where the taking of title is unreasonably delayed the interest and penalties on taxes may not be charged indicates merit, but decision on this point is unnecessary because of the holding that the application for a deficiency judgment has not been timely made.

The motion to confirm sale is granted and motion for deficiency judgment denied.

Settle order.