Memorandum. The judgment of the Appellate Division should be reversed.
In our view these sums deposited in the children’s accounts are not available resources within the meaning of the statute or implementing regulation (10 NYCRR 352.23) which must be exhausted before public assistance can be made available. The sums involved are not only trivial accumulations, the record shows that they are the result of small deposits—generally $5 or $10—representing, indisputably, birthday and holiday gifts from relatives and casual employment by the children themselves. It is, of course, reasonable and obvious to expect a person, applicant, recipient, or beneficiary, to utilize his own resources before receiving public assistance. But the broad humanitarian purpose of the Social Services Law does not contemplate that a person must be stripped bare, emotionally and economically, of the small sums and personal paraphernalia of trivial value and of uncertain recurrence, before applying for public assistance. Somewhere the line must be drawn. *1069 Thus it would be absurd and cruel, and therefore unintended by statute or regulation, to consider grandfathers’ watches, family pictures, family heirlooms of nominal value, toys, bicycles and small gifts to children as available "resources” which must be sold and consumed before public assistance will be made available. Any statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose. Neither the applicable and controlling statute, nor the regulations adopted to implement the statute, in the absence of express language to the contrary, may be given an unreasonable and absurd interpretation (see, e.g., Matter of Dowling, 219 NY 44, 56; Matter of Rouss, 221 NY 81, 91; Williams v Williams, 23 NY2d 592, 599).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment reversed, with costs, and the petition granted in a memorandum.