■ In the Matter of PATRICIA BLANTON, on Behalf of Herself and Her Minor Child Susanna, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding

pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 25, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a grant of a meal allowance as a medically related expense. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to grant the application for the meal allowance. There was substantial medical and lay evidence presented at the fair hearing to support petitioner's contention that it was necessary for her to attend her daughter while the latter underwent cancer tests at Columbia Presbyterian Hospital in New York City. The daughter was only nine years of age, a victim of cancer for some time, having already lost an eye to the disease. Besides providing valuable moral and emotional support to the child, petitioner conferred with the attending physicians daily and had to sign numerous consent forms during the 25 days in which they were at the hospital. Since petitioner is a resident of Orange County, it was necessary for her to stay at the hospital to perform these tasks. In opposition to petitioner's application for a grant of a meal allowance the agency presented its consulting physician. He opined that under no circumstances was it necessary or helpful for a parent to stay with a child while the latter was in the hospital. He based this conclusion on his 30 years of experience; he did not examine the daughter, nor was he aware of the nature of the tests being performed, nor did he confer with any of the child's physicians as to physical and mental conditions. We are of the view that the State commissioner's determination to affirm the local agency's decision was erroneous. The applicable statute and regulation (Social Services Law, § 365-a; 18 NYCRR 505.10) should be interpreted in a reasonable and humane manner (see *Matter of Sabot v Lavine*, 42 NY2d 1068). Under the circumstances, we conclude that petitioner has sustained her burden of showing the necessity of her presence at the hospital, and that therefore she should be reimbursed for the cost of the meals incurred during her stay (18 NYCRR 505.10). The State commissioner's determination is not supported by substantial evidence. Since petitioner's attendance was necessary, so was the presence of petitioner's companion. Petitioner is herself blind and in need of assistance. The record reveals that the companion not only served as petitioner's eyes, but performed valuable tasks for both petitioner and the child. Without the companion, petitioner could not have effectively aided her daughter. The cost of the companion's meals is therefore also a reimbursable expense. Mangano, J. P., Gulotta, Thompson and Brown, JJ., concur.