■  In the Matter of CAROLYN DENTON, Petitioner, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated November 30, 1981 and made after a statutory fair hearing, which affirmed the determination of the local agency denying petitioner medical assistance funding for a special diet prescribed as treatment for hypoglycemia. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent State commissioner for a new hearing and determination in accordance herewith. It is undisputed that petitioner suffers from hypoglycemia, and must maintain a frequent meal, high-protein, low-carbohydrate diet to control her condition. Her condition is so severe, that, before she was placed on her special diet, she was hospitalized for mental depression attributable to her condition. In her determination, the State commissioner noted that "[t]he record in this case contains much credible testimony attesting to appellant's remarkable progress from mental illness toward mental health, since her change in diet and the need for such a diet". The State commissioner further noted that "the uncontradicted testimony of the homemaker assigned to assist the appellant with housekeeping and the purchase of food by the agency was that the cost of the foods in appellant's special diet was approximately $40.00 per week, as compared to a cost of $30.00 per week for the shopping basket of a single person not on a special diet". Nevertheless, petitioner was denied relief on the ground that there was "no authority in either the Social Services Law or the Regulations of the New York State Department of Social Services which mandates that special diets be provided to applicants for or recipients of Medical Assistance through a Medical Assistance authorization" and on the ground that there was no showing of financial need. On the question of financial need, it should be noted that the State commissioner erroneously concluded that petitioner received $300 per month in Social Security benefits, when her uncontradicted testimony at the fair hearing was that she only received $216.21 per month in Social Security benefits. The State commissioner contends that, since there is no statute or regulation explicitly mandating provision for special diets, denial of relief to petitioner was a proper exercise of discretion. But the State commissioner's discretion must be exercised in a reasonable and humane manner (see *Matter of Moffett v Blum,* 74 AD2d 625, 626), and, on this record, it does not appear that such was the case. It is undisputed that petitioner's progress from mental illness, requiring hospitalization, to mental health, is dependent on her special diet. If petitioner cannot maintain her special diet with the financial resources available to her, some provision must be made. The State commissioner alleges that providing medical assistance benefits for special diets would cause "a severe administrative problem" because food is sold in grocery stores which are not authorized medical assistance providers. Further, the State commissioner asks this court to take judicial notice that "there are high-protein, low carbohydrate dietary supplements on the market * * * reimbursable under the Medical Assistance Program". There is no evidence in the record that certain food products on petitioner's special diet are not available from authorized medical assistance providers. Nor is there any evidence in the record that high-protein, low-carbohydrate dietary supplements would be an adequate substitute for certain items on petitioner's special diet. Therefore, the determination of the State commissioner must be annulled, and the matter remitted for a new hearing to determine petitioner's needs, based upon a proper calculation of her income, and to determine further what provision should be made with respect to her special dietary need. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.