■ In the Matter of CAROLYN DENTON, Petitioner, v CESAR A. PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services dated November 8, 1984, which, after a fair hearing, denied the petitioner's application for medical assistance funding for a special diet prescribed as treatment for hypoglycemia. The determination was made pursuant to a judgment of this court dated June 27, 1983 *(Matter of Denton v Blum,* 95 AD2d 854), granting a prior petition to the extent that a determination of the respondent State Commissioner dated November 30, 1981 was annulled and the matter remitted to the State Commissioner for a new hearing and determination in accordance therewith.

Adjudged that the petition is granted to the extent that the determination dated November 8, 1984 is annulled, on the law, without costs or disbursements, the respondents are directed to grant the application for medical assistance for the special diet, to provide the petitioner with future benefits for the purpose of food necessary for her diet in an amount representing the difference between the cost of a normal diet and the cost of her special diet, and to award the petitioner back benefits for the difference between the cost of a normal diet and the cost of her special diet from the date of her initial application in or about April 1981, and the matter is remitted to the respondents to reach an expeditious determination of the amount of reimbursement owing to the petitioner from the time of her initial application for medical assistance, in accordance herewith.

The petitioner is a widow in her sixties, who, by reason of disability, receives Federal Supplemental Security Income payments (hereinafter SSI), thereby automatically entitling her to medical assistance *(see,* Social Services Law § 366 [1] [a] [2]; 42 USC § 1396a). In 1981, she applied for medical assistance funding to pay for the increased cost of a special diet prescribed for the treatment of her medical condition diagnosed as hypoglycemia. The special diet required her to eat frequently and to have foods high in protein and low in carbohydrates. The cost of the special diet exceeded the expense for a normal diet, and she sought medical assistance benefits to cover the additional expenses. Following a statutory fair hearing, the then State Commissioner denied her application in a determination dated November 30, 1981.

Upon review by this court, we annulled that determination and pointed out that although the then State Commissioner denied the application, she nevertheless noted in her decision

that " '[t]he record in this case contains much credible testimony attesting to [the petitioner's] remarkable progress from mental illness toward mental health, since her change in diet and the need for such a diet' " *(Matter of Denton v Blum, supra,* at 854). We concluded that in denying the petitioner assistance it did not appear that the Commissioner exercised her discretion in a reasonable and humane manner *(see, Matter of Moffett v Blum,* 74 AD2d 625, 626), particularly in view of the possibility that the petitioner would suffer the return of her mental disorder and require rehospitalization if she were unable to remain on her special diet. Therefore, in our prior judgment, we directed that a new hearing be held to determine, *inter alia,* "what provision should be made with respect to her special dietary need" *(Matter of Denton v Blum, supra,* at 854).

Notwithstanding our previous findings and conclusions, upon remittitur and after a new hearing, the State Commissioner made the determination dated November 8, 1984, in which the petitioner's application was again denied. The State Commissioner essentially adhered to his predecessor's conclusion that the petitioner did not establish financial need, although it is undisputed that she is automatically entitled to medical assistance as a recipient of SSI.

Once again the State Commissioner also maintained that neither the Social Services Law nor the department regulations expressly provides for the requested benefits. However, as properly emphasized by the petitioner, Social Services Law § 365-a (2) states that the types of care, services and supplies available under the medical assistance program are not limited to those specifically referred to under that statute.

During the new hearing, the petitioner's attorney properly maintained that the agency was in the best position to determine the appropriate mechanism for funding the petitioner's purchase of food necessary for her diet. However, he suggested that a system of vouchers might be employed, similar to the agency's mechanism for providing other benefits, and that the petitioner purchase her supplies from one local store or supermarket authorized as a provider by the agency.

The evidence presented at the new hearing included the testimony of a registered dietician and medical nutrition specialist from St. Francis Hospital in Poughkeepsie, where the petitioner was a patient. She testified concerning the nutritional needs of the petitioner, the suggested diet, and certain menu plans which she prepared expressly for the petitioner. One of her main considerations in drawing up the

menu plans was to keep the cost down as low as possible, and she researched the actual cost of the special diet based upon the prices of food at supermarkets located within the area where the petitioner resides. Utilizing the figure of $76 employed under the food stamp program as the then cost per month to feed a person under a Thrifty Food Plan, she determined that the total cost of petitioner's special diet at that time under her suggested menu plans was $130.13 per month.

The petitioner has sustained her burden of demonstrating her need for assistance to continue to maintain the special diet essential for her mental health. Contrary to the State Commissioner's finding, we conclude that the cost of the special diet exceeds that of a normal diet and the petitioner should be reimbursed for that difference. We also note that the petitioner's application for this assistance was made approximately six years ago, and emphasize that further undue hardship should not be imposed upon her pending a final resolution of this matter. Therefore, we direct that the respondents reach a prompt and expeditious resolution of this matter. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.