■ In the Matter of BARRY YABLONSKY, by His Natural Mother and Guardian ad Litem, IRENE YABLONSKY, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services dated November 2, 1984, which affirmed a determination of the local agency which denied the petitioner's application for credit for payment of his electric bills as

medical expenses, the appeal is from a judgment of the Supreme Court, Kings County (Adler, J.), dated June 3, 1986, which annulled the determination of the State Commissioner and granted the petition to treat the payment of the petitioner's electric bills as medical expenses subject to reimbursement under the Medicaid program.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner, a recipient of Social Security disability payments, suffers from severe emotional problems and is homebound. One of the petitioner's anxieties is fear of the dark. Because the lights in his apartment are on constantly, the petitioner has incurred, and will continue to incur, large monthly bills for electricity.

The petitioner made application, *inter alia,* for medical assistance funding for his monthly electric bills *(see,* 42 USC § 1396 *et seq.;* Social Services Law § 365-a). Following a statutory fair hearing, the appellant affirmed the local agency's determination that electric bills do not constitute medical expenses under the Medicaid program. The petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to annul that determination. The Supreme Court, without opinion, granted the petition and directed the appellant and the local agency, *inter alia,* to reimburse the petitioner for so much of his monthly electrical bills as exceeds his monthly surplus allocated to medical expenses. We reverse.

Although, as we have previously held, "the types of care, services and supplies available under the medical assistance program are not limited to those specifically referred to" under Social Services Law § 365-a *(see, Matter of Denton v Perales,* 129 AD2d 636, 637; *see also,* Social Services Law § 365-a [2]), the construction given to statutes and regulations by the agency responsible for their administration should nonetheless be upheld if it is not inhumane or irrational *(see, Matter of Bernstein v Toia,* 43 NY2d 437). Given the nature of the service for which, on medical grounds, the petitioner seeks reimbursement, and given the difficult, if not impossible, task of determining and then monitoring what portion of the petitioner's electrical use can be attributed exclusively to his claimed medical needs *(cf., Matter of Denton v Perales, supra; see also, Matter of Denton v Blum,* 95 AD2d 854), we cannot say that appellant's determination that "medical assistance" *(see,* Social Services Law § 365-a [2]) does not include payment

of monthly electric bills was inhumane or irrational *(cf., Matter of Sabot v Lavine,* 42 NY2d 1068). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.