■ In the Matter of JOANNE BEVINS, Respondent, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.), entered September 21, 1987 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Commissioner of Social Services reducing petitioner's public assistance benefits.

Petitioner and her three minor children, recipients of public assistance under the Aid to Families with Dependent Children

program (hereinafter AFDC), live in a rural mobile home in Essex County situated on a plot of land, approximately 70 feet by 100 feet, which was given to petitioner by her grandmother and was a valued family possession. The lot, whose only source of water is by way of an easement running to petitioner's uncle's well, has a market value between $500 and $750.

On June 13, 1986, the Essex County Department of Social Services (hereinafter County DSS) asked petitioner to execute a lien on her real property in its favor for the amount of AFDC benefits furnished her and warned that failure to comply would result in a reduction of her family's benefits by the amount attributable to her own needs. Petitioner refused to execute a lien and demanded a hearing from the State Department of Social Services (hereinafter State DSS). At the hearing petitioner contended that, because her real property was worth less than $1,000, the County DSS was precluded from demanding of her that she execute the lien. Respondent State Commissioner of Social Services determined that the value of petitioner's property did not affect the County DSS' ability to require execution of a lien in its favor, that petitioner's refusal to do so was willful and that the County DSS' abridgement of her benefits was proper. Petitioner commenced a CPLR article 78 proceeding seeking to annul that determination. Supreme Court granted the petition primarily on the basis of 18 NYCRR 352.23 (b).

Since the $1,000 figure in that regulation is among the criteria to be utilized in determining whether an individual is eligible for assistance and does not relate to the lien provisions in Social Services Law §§ 106 and 360—which authorize social services agencies to require that a lien on real property be given as a condition of granting public assistance—it cannot limit the authority of social services agencies to act pursuant to those statutes. No statute, nor any regulations promulgated pursuant to either of these statutes, places any minimum limit on property subject to a lien.

But social legislation must be interpreted and enforced in a reasonable and humane manner, particularly so the Social Services Law, which does not contemplate that a person be stripped bare, economically (Matter of Sabot v Lavine, 42 NY2d 1068). Though $750 is not a nominal amount in general terms, as real property, comparatively speaking, it is of trivial value. The Legislature made the placement of liens discretionary (see, Social Services Law § 106 [1]; § 360 [1]), presumably to allow for humane enforcement. The rigid application of these

statutes in this case frustrates that policy and hence was properly annulled.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.