OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner, a widow in her late sixties, has a well-documented history of hypoglycemia dating back to childhood. Until the condition was diagnosed shortly before her initial application for funding, the symptoms of her illness were debilitating. She experienced nightmares and constant bouts of depression, attempted suicide several times, and repeatedly required hospitalization. After it was finally discovered that the cause of this lifelong illness was hypoglycemia, petitioner *981 was placed on a special high-protein, low-carbohydrate diet. Respondent does not dispute that there has been a remarkable change in petitioner’s condition; nor is there dispute that the cost of the diet prescribed for her condition can be calculated. Nonetheless, respondent insists that under Social Services Law § 365-a (2), petitioner cannot be provided with the funds required to meet the cost of purchasing her prescribed diet. This is the second time respondent has litigated petitioner’s claim through the appellate courts (see, Matter of Denton v Blum, 95 AD2d 854).
Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, courts regularly defer to the agency charged with responsibility for administration of the statute, and will uphold its interpretation, if not irrational or unreasonable (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). Here, respondent’s restrictive reading of the statute —in effect, that food that can be purchased at a grocery can in no circumstances be considered "medical assistance” — cannot be said to be rational, nor is it humane or in accordance with the legislative purpose (see, Matter of Sabot v Lavine, 42 NY2d 1068, 1069).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.