OPINION OF THE COURT
Phyllis B. Gangel-Jacob, J.
The petitioner (Mr. Gabai) brings this CPLR article 78 *360 proceeding to vacate the administrative decision of the New York State and New York City Departments of Social Services which denied his claim for reimbursement of fees paid to a licensed acupuncturist.
Mr. Gabai, a Medicaid recipient, suffers from a variety of physical ailments which have confined him to a wheelchair and left him suffering severe pain. His physician recommended a licensed acupuncturist. Mr. Gabai claims that the acupuncture treatments which he received and paid for, relieved his pain and made it possible for him to walk again. Nevertheless, he was forced to discontinue treatment because he was without sufficient funds. He applied for and was denied reimbursement by the respondents, New York City and New York State Departments of Social Services.
The respondents argue that Mr. Gabai failed to submit a proper application for services rendered and that there is no provision requiring that Medicaid pay for acupuncture treatments. Mr. Gabai argues to the contrary.
Judicial review of the determination made by an administrative agency is limited to consideration of whether the determination was supported by substantial evidence upon the whole record (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).
Federal regulations require that States participating in the Medicaid program pay for preventive services. Preventive services are defined as
"(c) * * * services provided by a physician or other licensed practitioner of the healing arts within the scope of his [sic] practice under State law to—
"(1) Prevent disease, disability, and other health conditions or their progression;
.) "(2) Prolong life; and
"(3) Promote physical and mental health and efficiency.
"(d) 'Rehabilitative services,’ except as otherwise provided under this subpart, includes any medical or remedial services recommended by a physician or other licensed practitioner of the healing arts, within the scope of his practice under State law, for maximum reduction of physical or mental disability and restoration of a recipient to his best possible functional level.” (42 CFR 440.130 [c], [d].)
The only evidence presented at the fair hearing was that Mr. Gabai is disabled; his physician recommended treatment *361 by an acupuncturist; Mr. Gabai sought treatment by the recommended acupuncturist who was licensed by the State of New York; the treatment apparently substantially improved Mr. Gabai’s condition; Medicaid denied payment. There was no other proof. This does not constitute the necessary substantial or sufficient evidentiary basis to support the agency determination.
Respondent’s argument that the application for payment for services rendered was so flawed that it failed to bring into issue the merits cannot be said to be rational nor is it humane (Matter of Denton v Perales, 72 NY2d 979). Social legislation must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose (Matter of Sabot v Lavine, 42 NY2d 1068).
Mr. Gabai required an interpreter at his hearing. He appeared pro se. His only witness was his home care attendant. The respondents did not even have his case record at the hearing. If respondents thought the application was flawed, they could have adjourned the hearing.
Respondents’ argument that acupuncture is not an eligible service (either because it is "experimental” or because the agency is entitled to "some latitude”) is an unreasonable interpretation of the regulations. Moreover, there is no evidence in the record to support it.
Accordingly, the petition is granted. Settle judgment providing for remand to respondents for a determination consistent with this decision.