OPINION OF THE COURT
William J. Davis, J.
This CPLR article 78 proceeding seeks to determine *946 whether the refusal of the New York State Commissioner of Health to include the drug clozapine in the State’s Medicaid Formulary is a failure to carry out the mandate of the Legislature expressed in the New York State Medicaid program.
The three plaintiff-petitioners (hereafter plaintiffs), pursuant to a stipulation of anonymity, seek a judgment declaring that the refusal and failure to add clozapine as a drug covered by the Medicaid program violates the legislative mandate and constitutes arbitrary and capricious action. Plaintiffs also seek a preliminary injunction to require the State of New York et al., defendants-respondents "to provide [plaintiffs] with clozapine under the Medicaid program during the pendency of this action”.
Each of the three plaintiffs are Medicaid recipients with a diagnosis of schizophrenia who have been treated in the past with a wide variety of medications other than the relatively new drug clozapine. Separate affidavits are submitted by treating psychiatrists for each plaintiff, who aver in general that clozapine is medically necessary for the treatment of the plaintiffs to better control the psychotic symptoms of the mental illness. They further aver that they have prescribed clozapine but it is unavailable under the Medicaid program and their patients cannot afford to pay for the drug themselves.
Schizophrenia is detailed as a devastating and debilitating mental illness, and plaintiffs have submitted impressive medical authority for treatment by the use of clozapine with patients who do not respond to conventional treatment or suffer disabling side effects with other drugs. Plaintiffs point out that clozapine was approved by the Federal Drug Administration (FDA) for beneficial treatment of schizophrenia in February 1990. Because of a potentially fatal side effect which may occur to an alleged small number of patients taking the drug, the FDA’s approval of clozapine is linked to a distribution scheme which requires safety monitoring through a program which includes weekly blood testing with the dispensation of the drug.
Sandoz Pharmaceuticals Corp. (Sandoz), the exclusive distributor of clozapine under the trade name Clozaril in the United States, is an affiliate corporation of the foreign owner of the drug patent. The initial distribution scheme for clozapine by Sandoz was limited to the Clozaril Patient Monitoring *947 System (CPMS), administered for Sandoz by another company, Caremark, Inc., through an exclusive contract. Caremark received a fee from the CPMS price established by Sandoz.
Respondent New York State Department of Health, by its Director of the Division of Health Care Standards and Surveillance Thomas W. Hartman, submits an affidavit in support of the determination to exclude clozapine from the list of Medicaid reimbursable prescription drugs. He argues that the price set by Sandoz for its CPMS package is unconscionable and in violation of both Federal and this State’s anti-trust laws; for which alleged violation a lawsuit was commenced by the State of New York in December 1990. He also points to the November 1990 amendment to Federal Social Security Act, title XIX, § 1927 (d) (2) (42 USC § 1396r-8 [d] [2] [H]), which provides that States may exclude from Medicaid coverage otherwise "[covered outpatient drugs which the manufacturer seeks to require as a condition of sale that associated tests or monitoring services be purchased exclusively from the manufacturers or its designee”. To add clozapine to New York’s Formulary, it is argued, would result in substantial excess cost to the Medicaid program, and in view of our State’s dire budgetary problems, deprive other State programs of needed funds.
The parties have treated plaintiffs’ motion as one for summary judgment in the declaratory judgment aspect of this proceeding. Procedurally the court will treat the article 78 aspect as a proceeding in the nature of mandamus.
Initially the court observes the respondent David Axelrod, the Commissioner of Health, stated in March of 1990 that his Department "recognizes the clinical value of the antipsychotic drug clozapine and agrees that it should be included in the Medicaid Formulary” (Axelrod letter to NY Commr of Mental Health, Mar. 12, 1990). He further states, "I concur in your opinion of the potential it holds for substantially improving the lives of at least some of the schizophrenic population in the state.” (Ibid.)
Axelrod having thus expressed the position of the Department of Health one year ago, the present position of the Department now enunciated by Axelrod’s deputy is rejected by this court as without the mandate of the Medicaid program.
Social Services Law §§ 363 and 364 (1) (d) mandate a "comprehensive program of medical assistance for needy persons * * * to operate in a manner which will assure a uniform *948 high standard of medical assistance throughout the state,” in such a way "that the quality of medical care and services is in the best interests of the recipients.” Social Services Law § 365 (2) requires that the Department of Health provide medically necessary services (see, Community Serv. Socy. v Cuomo, 167 AD2d 168).
The Court of Appeals expounded on the duties of State agencies in the discharge of an articulated policy of the Legislature in Campagna v Shaffer (73 NY2d 237, 242-243): "Agencies, as creatures of the Legislature, act pursuant to specific grants of authority conferred by their creator. In discharging responsibilities, an agency is 'clothed with those powers expressly conferred by its authorizing statute, as well as those required by necessary implication’ * * * It is correspondingly axiomatic, however, that an administrative officer has no power to declare through administrative fiat that which was never contemplated or delegated by the Legislature. An agency cannot by its regulations effect its vision of societal policy choices [citations omitted], and may adopt only rules and regulations which are in harmony with the statutory responsibilities it has been given to administer.”
The Regulations of the Department of Health, set forth in 10 NYCRR 85.26, which permit denial of reimbursement under the Medicaid program for prescription drugs, does not impact upon the inclusion of clozapine in the Medicaid Formulary. The Department of Health cites 10 NYCRR 85.26 (c) and Social Services Law § 365-a (2) (g) as a basis to deny inclusion of clozapine as nonreimbursable, however, exclusion of the drug under those sections is "based upon such factors as the availability of such drugs or alternatives at low cost if purchased by a medicaid recipient.”
This category does not lend support for the claimed exercise of discretion by the Health Commissioner to deny the inclusion of clozapine in the Medicaid Formulary as clozapine is unique and without any alternative at a lower cost.
Indeed, the Health Commissioner has no discretion in denying the addition of clozapine to the Medicaid Formulary, as he has recognized the clinical value of the drug for improving the condition of the schizophrenic population in New York. For Medicaid coverage "[t]he medical care to be afforded is that which is 'necessary’ to effect a cure” (City of New York v Wyman, 37 AD2d 700, 701 [Steuer, J., dissenting], revd on dissent below 30 NY2d 537).
*949 "Any statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose” (Matter of Sabot v Lavine, 42 NY2d 1068, 1069). Cost alone, or unique but necessary medical care for Medicaid recipients has not been a bar to Medicaid coverage (Matter of Denton v Perales, 72 NY2d 979 [special diet to combat hypoglycemia]; Matter of Clink v Lavine, 79 Misc 2d 421 [a vasectomy to prevent a pregnancy]).
The stated high cost of clozapine is being dealt with by the anti-trust litigation which is separate and apart from this proceeding. The amendment to the Social Security Act referred to above does not mandate the refusal of the Health Commissioner to include the drug in the Medicaid Formulary, as the mandate of the Legislature requires the payment for medically necessary drugs where there is no low cost alternative. (Social Services Law § 365-a [2] [g].)
Accordingly, with respect to the declaratory judgment aspect of this proceeding, summary judgment is granted to plaintiffs with the declaration that plaintiff Medicaid recipients were denied a medically necessary drug because of the refusal of the New York State Department of Health to include clozapine in the Medicaid Formulary.
The court finds that pursuant to the statutory powers and duties of the Health Commissioner, and also in accordance with regulations of the Department of Health, respondent Axelrod as Health Commissioner did not have the power and authority to refuse to include clozapine in the Medicaid Formulary as his duty in such a situation was ministerial and without any discretion (see, Matter of Cohalan v Caputo, 94 AD2d 742). Mandamus is therefore an appropriate remedy to compel the Health Commissioner to perform his statutory duty in accordance with regulations and respondent Axelrod is directed to include the drug clozapine in the Medicaid Formulary forthwith.
The aforesaid judgment and relief has rendered academic and moot the motion by plaintiffs for preliminary injunctive relief.