■ In the Matter of CHESTER LAGOWSKI, Petitioner, v DENNIS WHALEN, as Acting Commissioner of New York State Department of Health, Respondent. [706 NYS2d 283] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: We agree with petitioner that the determination denying his request for the purchase of a Dynamyte 3100 communication device must be annulled and the petition granted. Petitioner has been diagnosed with cerebral vascular accident with right hemiparesis and aphasia; he receives speech language therapy and adult aphasia communication therapeutic support. He requires a communication device to communicate with his family as well as staff at the facility where he resides. At a fair hearing, petitioner presented the testimony of a speech language pathologist that the Dynamyte 3100 would best suit petitioner's needs because it allows a person able to see a computer screen to respond with one hand/finger using direct selection, unlike other communication devices such as the Digi Vox 2, which requires manual changing of overlays. Additionally, the Dynamyte 3100 is more portable and weighs less than the Digi Vox 2 and other alternative communication devices. A representative from petitioner's health care facility supported the use of the Dynamyte 3100 because it would enhance petitioner's overall quality of life and would enable the staff "to more efficiently meet [petitioner's] needs as it would give [petitioner] the ability to express himself". Another speech pathologist testified that the Digi Vox

2 would not allow petitioner "to communicate quickly and effectively, because the message might not even be relevant" by the time petitioner found the overlays; additionally, the speech pathologist believed that the condition of petitioner's fine motor skills would make it difficult for petitioner to use the overlays. The Office of Medicaid Management waived its appearance and submitted on papers, contending that there were less costly devices available than the Dynamyte 3100 and that petitioner's alleged need for the Dynamyte 3100 was not medical in nature.

Social Services Law § 365-a (2) defines medical assistance as "the cost of medically necessary medical, dental and remedial care, services and supplies * * * which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with such person's capacity for normal activity, or threaten some significant handicap". The statute "must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose" (*Matter of Sabot v Lavine*, 42 NY2d 1068, 1069; *see, Matter of Denton v Perales,* 72 NY2d 979, 981).

The evidence is uncontroverted that petitioner has difficulty manipulating manual overlays and consequently is often unable to express his immediate needs to facility staff and family. On this record respondent's determination that the Dynamite 3100 is not medically necessary is not supported by substantial evidence (*see, Matter of Johnson v Wing*, 237 AD2d 960; *Matter of Gartz v Wing*, 236 AD2d 890; *Matter of Dobson v Perales*, 175 AD2d 628). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mintz, J.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.